UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF LOUISIANA

| | | |
|---|---|---|
| JONHNYE FUNEZ | § | C. A. No. _____ |
| Plaintiff, | § | |
| | § | SECTON: |
| V. | § | |
| | § | MAGISTRATE: |
| THE KANSAS CITY SOUTHERN | § | |
| RAILWAY COMPANY | § | |
| Defendant. | § | JURY TRIAL DEMANDED |

## COMPLAINT FOR DAMAGES

MAY IT PLEASE THE COURT:

Now respectfully comes through undersigned counsel, Plaintiff, Jonhnye Funez, a person of full age and majority, resident of Ponchatoula, Tangipahoa Parish, Louisiana and respectfully represents as follows:

I.

Plaintiff's claims against KCS are maintained under the provisions of the Federal Employers' Liability Act (FELA), 45 U.S.C., § 51, *et seq*. and the Federal Safety Appliance Act, Title 49 U.S.C. § 20301, et seq. to recover damages for personal injuries sustained by Plaintiff while employed by Defendant, KCS.

II.

This Court has jurisdiction pursuant to 28 U.S.C. § 1331.

III.

Venue is proper in this District pursuant to 28 USC Section 1391(c) as Defendant, KCS owns, operates and maintains equipment, rail yards and mainline railroad tracks in Orleans Parish, resulting in KCS possessing sufficient minimum contacts in the Eastern District of Louisiana to establish venue in this Court.

This lawsuit is necessary as a result of injuries sustained by Plaintiff on or about June 26, 2013.

VI.

At all times mentioned in this Complaint, KCS was a common carrier by railroad owning, operating, and maintaining in interstate commerce, a railway system, and Plaintiff was employed by KCS to further those activities.

VII.

On or about June 26, 2013, Plaintiff was working as a switchman in the course and scope of his employment with KCS.  Plaintiff and other KCS crew members were shoving cars in a track in Baton Rouge, Louisiana. As Plaintiff was attempting to tie the handbrake on railcar XOMX T10112, suddenly and without warning the grab iron on the railcar broke and caused Plaintiff to fall, strike the drawbar and pin lifter, and hit the ground. The fall rendered Plaintiff unconscious.  As a result of the hazardous conditions created by KCS, Plaintiff sustained serious and disabling injuries to his head, back, neck and other parts of his body.

VIII.

The injuries Plaintiff sustained were due in whole or in part to the negligence of KCS, its agents, servants or employees acting in the course and scope of their employment for KCS. Plaintiff will show that KCS violated the Federal Employers' Liability Act (FELA) in that KCS:

   a. Failed in its non-delegable duty to provide Plaintiff with a reasonably safe place to work;

   b. Failed to inspect, maintain, and repair its car and appurtenances to be certain same would function properly and safely when KCS employees,

      including Plaintiff, had to perform their job duties;

c. Failed to provide Plaintiff with safe equipment to perform his job safely;

d. Failed to exercise due care and caution commensurate with the surrounding circumstances;

e. Failed to warn Plaintiff of unsafe conditions of which it knew, or in the exercise of reasonable care should have known; and

f. Other acts and omissions of negligence, which will be fully enumerated at the trial of this matter.

IX.

Additionally and alternatively, Plaintiff will show that at all times mentioned in this Complaint, the grab iron and car in question were not secure or adequate for use and failed to comply with applicable statutes and regulations. The car was in use on KCS's line and was in violation of 49 U.S.C. § 20302, and related federal regulations.

The violations of the Acts and/or said regulations, in whole or in part, caused the occurrence made the basis of this suit and the injuries and damages which Plaintiff suffered.

X.

As a result of these and other negligent acts and omissions of KCS, Plaintiff sustained severe and permanent injuries to his head, back neck, and other parts of his body.

Plaintiff's injuries have resulted in:

    a. Physical pain and suffering, past and future;

    b. Mental anguish, past and future;

    c. Past lost wages to the date of trial;

    d. Loss of future wages and wage earning capacity; and

    e. Unpaid medical expenses, past and future.

Plaintiff has been damaged in a sum far in excess of the minimum jurisdictional limits of this Court.

XI.

Plaintiff requests a trial by jury.

WHEREFORE, PREMISES CONSIDERED, Plaintiff, Jonhnye Funez, prays that he have judgment against KCS in a total sum in excess of the minimum jurisdictional limits of this Court, plus post-judgment interest, all costs of Court, and for such other and further relief, both legal and equitable, to which he may show himself justly entitled.

Respectfully Submitted,

**BRAUD & GALLAGHER**

*/s/ C. Arlen Braud, II*

C. Arlen Braud, II
Bar Roll No. 20719
111 N. Causeway, Suite 201
Mandeville, Louisiana 70448
985-778-0771
985-778-0781/FAX

**YOUNGDAHL & CITTI, P.C.**

*/s/ Sara Youngdahl\**

SARA YOUNGDAHL
Texas State Bar No. 24010504
12621 Featherwood Drive, Suite 240
Houston, Texas 77034-4906
281-996-0750
281-996-0725/Fax
*\*PENDING PRO HAC VICE*

**ATTORNEYS FOR PLAINTIFF
JONHNYE FUNEZ**