UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF LOUISIANA

| | |
|---|---|
| **JONHYE FUNEZ** | **CIVIL ACTION** |
| **VERSUS** | **NO: 13–5338** |
| **KANSAS CITY SOUTHERN RAILWAY COMPANY** | **SECTION: "H"(2)** |

## ORDER AND REASONS

Before the Court is Plaintiff's Motion for Partial Summary Judgment (Doc. 21). For the following reasons, the Motion is GRANTED IN PART. The Court finds that Defendant violated the Safety Appliance Act, 49 U.S.C. § 20301, *et seq*. ("SAA"), and the violation constitutes negligence *per se* under the Federal Employers Liability Act, 45 U.S.C. § 51 ("FELA"). The Motion is DENIED as to causation.

## BACKGROUND

Plaintiff, Jonhye Funez, was employed by Defendant, Kansas City Southern Railway Company, as a switchman. On June 26, 2013, Plaintiff was

1

working on a train that stopped at Defendant's yard in Baton Rouge, LA. While setting handbrakes on one of the train's railcars, Plaintiff alleges that he was holding onto the car with one hand and setting the brake with the other. Plaintiff claims that the handhold suddenly gave way as he was holding it, causing him to fall and injure himself. Plaintiff filed the instant suit seeking damages under FELA. He now files this Motion for Partial Summary Judgment on the issue of liability.

## LEGAL STANDARD

Summary judgment is appropriate "if the pleadings, depositions, answers to interrogatories, and admissions on file, together with affidavits, if any, show that there is no genuine issue as to any material fact and that the moving party is entitled to a judgment as a matter of law."[1] A genuine issue of fact exists only "if the evidence is such that a reasonable jury could return a verdict for the nonmoving party."[2]

In determining whether the movant is entitled to summary judgment, the Court views facts in the light most favorable to the non-movant and draws all reasonable inferences in his favor.[3] "If the moving party meets the initial burden of showing that there is no genuine issue of material fact, the burden shifts to the non-moving party to produce evidence or designate specific facts showing the

---

[1] Fed. R. Civ. P. 56(c) (2012).

[2] *Anderson v. Liberty Lobby, Inc.*, 477 U.S. 242, 248 (1986).

[3] *Coleman v. Houston Indep. Sch. Dist.*, 113 F.3d 528 (5th Cir. 1997).

existence of a genuine issue for trial."[4] Summary judgment is appropriate if the non-movant "fails to make a showing sufficient to establish the existence of an element essential to that party's case."[5] "In response to a properly supported motion for summary judgment, the nonmovant must identify specific evidence in the record and articulate the manner in which that evidence supports that party's claim, and such evidence must be sufficient to sustain a finding in favor of the nonmovant on all issues as to which the nonmovant would bear the burden of proof at trial."[6] "We do not . . . in the absence of any proof, assume that the nonmoving party could or would prove the necessary facts."[7] Additionally, "[t]he mere argued existence of a factual dispute will not defeat an otherwise properly supported motion."[8]

## LAW AND ANALYSIS

FELA provides that "[e]very common carrier by railroad . . . shall be liable in damages to any person suffering injury while he is employed by such carrier . . . for such injury or death resulting in whole or in part from the negligence of any of the officers, agents, or employees of such carrier."[9] Thus, Plaintiff must prove that (1) he was the employee of a common carrier by railroad; (2) that he

---

[4] *Engstrom v. First Nat'l Bank of Eagle Lake*, 47 F.3d 1459, 1462 (5th Cir. 1995).

[5] *Celotex Corp. v. Catrett*, 477 U.S. 317, 324 (1986).

[6] *John v. Deep E. Tex. Reg. Narcotics Trafficking Task Force*, 379 F.3d 293, 301 (5th Cir. 2004).

[7] *Badon v. R J R Nabisco, Inc.*, 224 F.3d 382, 394 (5th Cir. 2000).

[8] *Boudreaux v. Banctec, Inc.*, 366 F. Supp. 2d 425, 430 (E.D. La. 2005).

[9] 45 U.S.C. § 51.

suffered an injury while he was employed by such carrier; and (3) the injury was caused by the negligence of the carrier or its employees. In this case, Plaintiff alleges that his injury was caused by a defective handhold on the end of a railcar. He alleges that a defective handhold is a violation of the Safety Appliance Act ("SSA"), 49 U.S.C. 20301, *et seq*. "The cause of action created by [FELA], embraces claims of an employee based on violations of the Safety Appliance Act. In such actions, the injured employee is required to prove only the statutory violation and thus is relieved of the burden of proving negligence."[10]

The parties do not dispute that Plaintiff was an employee of Defendant (a common carrier by railroad), or that the alleged injury occurred during the course of his employment. Thus, in order to prevail on this Motion, Plaintiff must prove that there is no genuine dispute of material fact that (1) Defendant violated the SSA, and (2) the violation caused Plaintiff's injury. Additionally, it is important to note that the standard for causation in FELA cases is different from that employed in traditional negligence cases. The Supreme Court has held that, in order to satisfy the causation requirement of FELA, a Plaintiff must prove that the FELA employer's "negligence played a part—no matter how small—in bringing about the injury."[11] Thus, if Plaintiff can prove that Defendant violated the SSA and that the violation played even the smallest part

---

[10] *Crane v. Cedar Rapids & I. C. Ry. Co.*, 395 U.S. 164, 166 (1969); *see also Trinidad v. S. Pac. Transp. Co.*, 949 F.2d 187, 188 (5th Cir. 1991) ("The Safety Appliance Act imposes strict liability on railroads for violations of the Act's safety standards.").

[11] *CSX Transp., Inc. v. McBride*, 131 S. Ct. 2630, 2644 (2011).

4

in causing his injury, he must prevail on this Motion.

### I. Violation of the SSA

The SSA provides (in pertinent part) that "a railroad carrier may use or allow to be used on any of its railroad lines . . . a vehicle only if it is equipped with secure grab irons or handholds on its ends and sides for greater security to individuals in coupling and uncoupling vehicles."[12] Plaintiff argues that the railroad car on which he was working had a handhold that was not secure at the time of the accident. He supports this allegation through his own deposition testimony in which he testified that the handhold gave way as he was holding it. Plaintiff also provides deposition testimony of his coworkers and inspection reports prepared by Defendant. The testimony and the internal reports all confirm that a bolt was missing from the handhold following the accident. This evidence is consistent with Plaintiff's own testimony that the handhold gave way when he grabbed it, causing Plaintiff to lose his grip and fall.

Defendant admits that its own internal investigation revealed that the handhold was missing a bolt after the accident. Despite the fact that the missing bolt is, by any definition, a violation of the SSA,[13] Defendant argues that Plaintiff has not offered enough evidence that the bolt was missing at the time of his fall. In making this argument, Defendant overlooks its burden to "identify affirmative evidence from which a jury could find" in its favor.[14] Defendant does

---

[12] 49 U.S.C. § 20302.

[13] *See, e.g.*, *Roe v. Port Terminal R. R. Ass'n*, 620 S.W.2d 870, 874 (Tex. Civ. App. 1981) (Finding that a grab iron which moved as little as one-half inch was not "firmly fastened" and therefore not secure within meaning of the SSA).

[14] *Crawford-El*, 523 U.S. at 600.

not point to a single piece of affirmative evidence that suggests that the handhold was secure at the time of Plaintiff's fall. Instead it argues that, because Plaintiff was the only person to witness the fall, this Court cannot find a violation of the SSA without evaluating Plaintiff's credibility, a task reserved for the jury. The Court finds this argument unpersuasive. In light of the fact that Defendant's own internal investigation confirmed the unsecured handhold and Defendant's failure to offer any affirmative evidence demonstrating a genuine factual dispute, the Court grants Plaintiff's Motion as to the first element of his claim: that Defendant violated the SSA by failing to provide secure handholds on the railcar in question.

## II. Causation

Plaintiff must next prove that Defendant's violation of the SSA caused him some injury. For liability purposes, it is enough that Plaintiff prove that he sustained an injury. In support of his Motion as to the causation issue, Plaintiff provided his own deposition testimony, which states that he fell onto the drawbar[15] running between the railcars when the handhold gave way, and Defendant's internal reports that essentially reflect the same version of events.

In response to Plaintiff's motion, Defendant provided the affidavit of Robert Morris, a purported expert in railway safety. Mr. Morris offers the opinion that Plaintiff was solely at fault for the accident and that the unsecured handhold would not have caused Plaintiff to fall if Plaintiff was exercising proper care. Specifically, he alleges that Plaintiff failed to utilize a safe climbing

---

[15] The drawbar is the device that connects two train cars to each other.

6

technique as required by Defendant's safety manual. Mr. Morris offers the opinion that, had Plaintiff utilized a safe climbing technique, the faulty handhold would not have caused his fall. While the Court has significant doubts as to the plausibility of this opinion, such concerns are inappropriate on a motion for summary judgment.[16] In the event that a jury were to believe Mr. Morris and find that Plaintiff was 100% at fault for the accident, Plaintiff would not be able to recover under FELA. Accordingly, there is a genuine dispute of material fact as to the cause of Plaintiff's fall. For this reason, Plaintiff's Motion is denied as to the issue of causation.

## CONCLUSION

For the foregoing reasons, Plaintiff's Motion for Partial Summary Judgment is GRANTED IN PART. The Court finds that Defendant violated the SSA when it failed to provide a secure handhold on the railcar in question. The Court DENIES the Motion as to the issue of causation.

New Orleans, Louisiana, this 20th day of October, 2014.

_____
JANE TRICHE MILAZZO
UNITED STATES DISTRICT JUDGE

---

[16] The Court notes that this is not the first time that Mr. Morris has offered an implausible opinion in a case such as this. *See Glover v. Kansas City S. Ry. Co.*, No. 11-2808, 2013 WL 5328507, at *3 (E.D. La. Sept. 20, 2013).